# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PANDIT, | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No. 8:18-cv-01136-PX |
| PANDIT, *et al.*, | * | |
|    Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Subodh Pandit brings this intra-family dispute, alleging defamation and related claims. ECF No. 1. Defendants moved to dismiss for lack of personal jurisdiction, or alternatively, for failure to state a claim. ECF Nos. 8, 13, 20. The motions to dismiss are fully briefed, and the Court rules under Local Rule 105.6 because no hearing is necessary. For the reasons that follow, the Court dismisses this action for lack of personal jurisdiction and denies as moot the remainder of Defendants' arguments.

## I. Background

The Complaint centrally concerns an alleged "malicious campaign to smear [Plaintiff's] reputation" orchestrated by Defendants, his extended family. ECF No. 1 ¶ 9. Plaintiff's brother, Sudhir Pandit, and his brother's wife, Dorothy Pandit, (together, the "Pandit Defendants") wrote four allegedly defamatory emails and letters about Plaintiff. *Id.* ¶¶ 11–20. Dorothy Pandit's sister, Cathaline Samuel, and her husband, Meshach Samuel, (together, the "Samuel Defendants") wrote an additional three allegedly defamatory letters about Plaintiff. *Id.* ¶¶ 15–16. Based on these communications, Plaintiff has filed this action against Defendants for defamation and related claims. ECF No. 1.[1]

---

[1] The other counts are invasion of privacy—false light; invasion of privacy—unreasonable publicity to

However, little has been averred about any meaningful connection between Defendants and the State of Maryland. All Defendants live in Arkansas (*id.* ¶¶ 2–5), and Defendants sent each of the letters and emails from Arkansas. ECF No. 8 at 1; ECF No. 13 at 9. One Defendant sent one email to "numerous recipients," including four people located in Maryland (ECF No. 1 ¶ 11), and another sent a letter to a recipient in Maryland. *Id.* ¶ 15. The Pandit Defendants moved out of Maryland over thirty years ago, and they, along with the Samuel Defendants, have maintained only sporadic contact over the years with Maryland, none of which is the subject of the Complaint. ECF No. 14-1 ¶¶ 3–5; ECF No. 18-1 ¶ 11. Not surprisingly, Defendants contend that this Court lacks personal jurisdiction over them.

## II. Standard of Review

A court may not hear any claim against parties for whom personal jurisdiction is lacking. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). Pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). The precise question is whether the court possesses jurisdiction at the time the claim arose. *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 606 n.15 (D. Md. 2008). Where, as here, the Court considers the question of personal jurisdiction without an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction," taking all disputed facts and reasonable inferences in his favor. *Id.*; *see also Aphena Pharma Solutions-Maryland, LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 314 (D. Md. 2012). If "the facts present even a close question" as to the lack of personal jurisdiction, the court should dismiss or transfer the case. *Dring v. Sullivan*, 423 F. Supp. 2d 540, 549 (D. Md. 2006).

---

private life; tortious interference with contractual/business relations; tortious interference with prospective advantage; intentional infliction of emotional distress; civil conspiracy; aiding and abetting; and "injunctive relief." ECF No. 1.

### III.   Analysis

A federal court may exercise personal jurisdiction over a defendant either "in the manner provided by state law" pursuant to the state's long arm statute, or where the defendant is "at home" in the forum state. *Carefirst*, 334 F.3d at 396 (citing Fed. R. Civ. P. 4(k)(1)(A)); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The former is known as "specific jurisdiction," while the latter is termed "general jurisdiction." Plaintiff invokes both specific and general jurisdiction, so the Court addresses each in turn.

#### A.   Specific Jurisdiction

For "specific jurisdiction," the plaintiff must prove that jurisdiction: (1) is authorized by the forum state's long-arm statute, and (2) comports with the due process requirements inherent in the Fourteenth Amendment of the United States Constitution. *Christian Sci. Bd. of Dir. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Maryland's long-arm statute is co-extensive with federal due process limits. *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006).[2]

Maryland's long-arm statute sets forth several enumerated avenues to confer personal jurisdiction on an out-of-state defendant. Md. Code, Cts. & Jud. Proc. § 6-103(a); *Am. Bank Holdings, Inc. v. Grange Mut. Cas. Co.,* No. DKC 09-2228, 2010 WL 2302356, at *3 (D. Md. June 7, 2010). The parties direct this Court to two such avenues: (1) where a defendant "[c]auses tortious injury in the State by an act or omission in the State;" § 6-103(b)(3), or (2) where a defendant "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he . . . engages in any other persistent course of conduct in the State." § 6-103(b)(4).

---

[2] The Court recognizes that the converse may not be true. *Dring*, 423 F. Supp. 2d at 544–45 ("[T]here may be cases in which the facts satisfy constitutional due process but do not satisfy Maryland's long-arm statute.") (quoting *Mackey*, 391 Md. at 141 n.6) (internal quotation marks omitted).

For Section 6-103(b)(3) to apply, both the tortious injury and activity must occur in Maryland. *Dring*, 423 F. Supp. 2d at 546. Here, the alleged defamatory letters and emails were sent from Arkansas, not Maryland. ECF No. 8 at 1; ECF No. 13 at 9. Thus, the "tortious act" occurred in Arkansas. *See Dring*, 423 F. Supp. 2d at 546 (emails); *Craig v. Gen. Fin. Corp. of Ill.*, 504 F. Supp. 1033, 1037 (D. Md. 1980) (letters). Section 6-103(b)(3) does not apply. *See Dring*, 423 F. Supp. 2d at 546.

Plaintiff nonetheless contends that certain nonspecific discussions which supposedly took place in Maryland satisfy Section 6-103(b)(3). This simply is not so. The tortious activity arises exclusively from allegedly defamatory emails and letters sent from Arkansas, not some non-specific discussions. The Court further notes that the only discussion described in the Complaint with any specificity had occurred in 2012, well beyond the statute of limitations. *See* ECF No. 1 ¶¶ 8–20; *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) (noting Maryland's one year statute of limitations for defamation claims); *Shulman v. Rosenberg*, No. 1889, Sept. Term, 2016, 2018 WL 286404, at *5 (Md. Ct. Spec. App. Jan. 4, 2018), *cert. denied*, 458 Md. 597 (2018) (noting Maryland's general three year statute of limitations for civil actions). Accordingly, these discussions do not provide a basis for this Court to exercise personal jurisdiction under Section 6-103(b)(3).

As for Section 6-103(b)(4), the Court may retain personal jurisdiction for tortious activity occurring outside Maryland if the defendant engages in a "persistent course of conduct" within the state. Here, Defendants are accused of sending a handful of emails and letters to individuals in Maryland. Such isolated and sporadic association with this forum does not amount to a persistent course of conduct. *Estate of Morris v. Goodwin*, No. DKC 13-3383, 2015 WL 132617, at *5 (D. Md. Jan. 8, 2015) ("[S]ix email exchanges, multiple telephone calls, and a

'friend' request on Facebook[] simply does not rise to the level of persistent course of conduct to satisfy Section 6-103(b)(4).").

A court may, however, look to activity beyond the conduct supporting the actual claims when determining whether Section 6-103(b)(4) is satisfied. *See Mycosafe Diagnostics GMBH v. Life Techs. Corp.*, No. DKC 12-2842, 2013 WL 145893, at *5 (D. Md. Jan. 11, 2013). Such conduct, however, must have occurred at time of the alleged wrongdoing. § 6-103(b)(4) ("A court may exercise personal jurisdiction . . . if he . . . *engages* in any other persistent course of conduct in the State . . . .") (emphasis added); *Janjua*, 2014 WL 2803741, at *4 ("[A] defendant's 'contacts' with a forum state are measured as of the time the claim arose.") (quoting *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995)).

In addition to the handful of written communications, Defendants have visited Maryland two to six times in the last fourteen years, and the Pandit Defendants last lived in Maryland in 1985. These contacts are simply insufficient to satisfy Section 6-103(b)(4). *Cf. Sibert v. Flint*, 564 F. Supp. 1524, 1529 (D. Md. 1983) (visits to the jurisdiction must be "very frequent"); *see also Bass v. Energy Transp. Corp.*, 787 F. Supp. 530, 535 (D. Md. 1992) (finding personal jurisdiction where a company visited Maryland three to four times a year, in addition to extensive hiring and training of Marylanders through a collective bargaining agreement with a Maryland-based union). Accordingly, Maryland's long-arm statute does not confer personal jurisdiction over Defendants. The Court, therefore, need not reach whether exercising jurisdiction comports with due process. *See Cong. Bank & Potomac Educ. Found., Inc.*, No. PWG-13-889, 2014 WL 347632, at *9 n.9 (D. Md. Jan. 30, 2014).

**B. General Jurisdiction**

General personal jurisdiction focuses on whether an individual defendant is domiciled in

the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011). A defendant is domiciled where he maintains "both physical presence and an intent to remain." *Midtown Pers., Inc. v. Dave*, No. PWG-13-3493, 2014 WL 3672896, at *5 (D. Md. July 22, 2014). In the context of corporations, domicile focuses on where the corporation maintains "continuous and systematic" contacts. The corporate domiciliary test does not "fit neatly" into questions of general personal jurisdiction for individuals, in part because the corporate test is more demanding, and is one that an individual almost always cannot meet where specific personal jurisdiction is lacking. *Burnham v. Superior Court of Ca., Cty. of Marin*, 495 U.S. 604, 610 n.1 (1990); *Fid. Nat. Title Ins. Co. v. M & R Title, Inc.*, 21 F. Supp. 3d 507, 514 n.1 (D. Md. 2014).

That said, under any test, Defendants cannot be considered as domiciled in Maryland. At the time the Complaint was filed, no Defendant resided in Maryland. ECF No. 1 ¶¶ 2–5. And while the Pandit Defendants lived in Maryland over thirty years ago, it is utterly implausible to suggest that after thirty years, these Defendants harbor any "intent to remain" in Maryland. Nor do Defendants maintain sufficient contacts with Maryland in any sense sufficient to confer personal jurisdiction. *Fid. Nat. Title Ins. Co.*, 21 F. Supp. 3d at 514. Personal jurisdiction is thus lacking.[3]

In the absence of personal jurisdiction over Defendants, a court may either dismiss the action without prejudice so that the plaintiff may refile in the proper jurisdiction, or may transfer the case to a sister federal court. *Dring*, 423 F. Supp. 2d at 549. From the face of the Complaint, the Court can discern no federal court to which transfer would be proper. *See Mamani v.*

---

[3] Because personal jurisdiction over each Defendant is lacking, the Court need not determine whether the contacts of one defendant may be imputed to another under a conspiracy theory. *See generally Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013).

*Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008). Accordingly, the Court, in its discretion, dismisses the action without prejudice so that Plaintiff may refile in the proper forum.

### C. Jurisdictional Discovery

Plaintiff has requested jurisdictional discovery. A court may deny such a request where the "plaintiff offers only speculation or conclusory assertions about contacts with a forum state." *Beyond Sys., Inc. v. Kennedy W. Univ.*, No. DKC 2005-2446, 2006 WL 1554847, at *10 (D. Md. May 31, 2006) (quoting *Carefirst*, 334 F. 3d at 402–03) (internal quotation marks omitted). Plaintiff has given the Court no reason to believe that discovery would unearth facts sufficient to confer personal jurisdiction over any of the Defendants. ECF No. 14 at 15; ECF No. 18 at 17. Discovery, therefore, would be an exercise in futility. The Court must deny Plaintiff's request.

### IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss for lack of personal jurisdiction are granted, and the motions to dismiss for failure to state a claim are denied as moot. Plaintiff's request for jurisdictional discovery is denied. A separate order follows.

October 16, 2018  
Date

\_\_\_/S/\_\_\_  
Paula Xinis  
United States District Judge